### DANIEL B. SOULE *vs*. SAMUEL WINSLOW.

### Cumberland, 1876.—August 7, 1876.

*Exceptions. Malicious prosecution.*

To authorize a court to sustain exceptions it must affirmatively appear that the party excepting was aggrieved by the rulings to which exceptions are taken.

In an action against the defendant for a malicious prosecution, when he consented to the use of his name as *prochain ami* in a suit by one being or claiming to be a minor, evidence of the professional advice of an attorney, when such consent was obtained, is admissible to negative malice.

He would not be liable for the errors of the court if any were made, in the rendition of judgment.

Nor if the suit was erroneously brought against his expectation and without his consent, express or implied.

ON EXCEPTIONS from the superior court.

CASE for malicious prosecution.

The prosecution, alleged to be malicious, was one called for distinction's sake, the "tender suit," in which the parties were the same as in this case but reversed, with this difference : that Winslow here is simply defendant, while there the plaintiff was "Winslow, next friend of Harrison Joy, minor." The "tender suit" was on account annexed for two months, eight days labor, at $18 per month, $41.52 with a credit of $5.43, leaving a balance claimed of $36.09. Soule at first declined to pay, because Joy contracted to

labor for a year, and left before the time expired; but subsequently tendered to his counsel $17; the agreed price being, as he said, $10 per month if Joy left before the year was out. The tender being refused, and an action afterwards brought, he deposited the money in court. It was admitted for the purpose of that trial, which was before Judge Symonds of the superior court, without the intervention of a jury, that no more than $17 was due; and the only question there, was the validity of the tender. Judge Symonds found the tender valid and ordered judgment for the plaintiff for $17 without costs; and further, that the defendant Soule recover his costs of court, taxed at $28.38.

Soon after the execution was issued to Soule for his costs, in February, 1873, he commenced this action for malicious prosecution, setting out the proceedings in the "tender suit," and averring among other things that the said defendant (Winslow) well knew that the said plaintiff was not indebted to the said defendant, as next friend to said Harrison Joy in more than the sum of $17; that he knew the tender was made to Motley as attorney for Joy, September 30, and afterwards, October 14, sued out the writ, and caused his real estate to be attached, &c., &c., that he had no legal or probable cause and was guided by malice.

I. The exceptions further show that at the trial before the jury, testimony having been offered by Soule tending to show threatening language used by the defendant, Winslow, towards him prior, and only so, to the hearing upon the tender. Porter, a witness for the defendant, testified against objection, to a conversation with the plaintiff, omitting expletives, thus: "He said, 'I want you to go with me to Mattocks' office, and state what you heard Winslow say.' I said, 'I know nothing that will help you;' he said, 'you heard him say I will make you pay for your sauce.' I said, 'I did, and he had a big occasion.' He said, 'I know I made a fool of myself, when I went up with the execution in the condition I was;' he said he was sorry that he went up."

II. Mr. Motley, a counselor, was called by the defendant to show, that he, the defendant, acted by the advice of counsel; but the plaintiff objected, unless it was first shown that Motley, as counsel, was first put in possession of all the facts; but the judge

admitted the testimony, remarking that the objection went to the value of the testimony, and not to its admissibility. The answer was this:

"I stated to Winslow, that the boy was a minor, and could not bring the action in his own name, but would be obliged to bring it in the name of another, a next friend, and asked him if he would allow his name used as next friend. Winslow asked whether it would subject him to any trouble or cost to allow his name to be used. I stated it would not, and it was the only way minors could collect their claims legally. Mr. Winslow says, 'very well, I don't want to get into any trouble about this, you can use my name.'"

III. In the former jury trial of the action, at which a verdict was rendered for the plaintiff, the written finding of the court in the tender trial was not offered in evidence, as at the present trial. At this trial the presiding justice instructed the jury that the original record in the alleged malicious action "shows conclusively, and we cannot go beyond it, that seventeen dollars was the amount due from Soule for the services of Joy at that time. The question arises, whether it has been proved to you affirmatively, by the evidence of the plaintiff that the bringing of that original suit for more than seventeen dollars, was malicious, and without probable cause. The plaintiff in the original action, whoever he may have been, had a perfect right to bring it to recover seventeen dollars."

IV. The question being raised whether Joy was in fact a minor, as alleged, and evidence on both sides adduced thereon by the parties, the defendant having testified that he was a minor, the plaintiff's counsel requested the instruction that the allowing of one's name to be used in an action as next friend of an alleged minor, when he knew such person not to be a minor, would be want of probable cause. The presiding justice refused so to instruct, but said to the jury:

"Now if you should come to the conclusion that Joy was of age, and that he made the contract stated by Soule, giving him only ten dollars a month, if he left before the expiration of the year, it does not follow that Winslow did not have reasonable and probable grounds for bringing his original suit."

And further : "The theory of the defense is that Winslow did not know anything about this matter until Soule informed him of it, and took no part in it until he was in Motley's office, when Motley requested him to act as *next friend*. If that was the fact of the case, and that was all the part that Winslow took in the proceeding then that would be evidence tending strongly to show that there was no malice."

The verdict was for the plaintiff; and the defendant alleged exceptions.

*C. P. Mattocks & E. W. Fox*, for the plaintiff.

I. As to Porter's testimony. The point to be tried was whether Winslow was malicious before and during the trial of the original action, and not whether Soule was so after that trial or in instituting this. It is not competent to try the short-comings of both parties in one suit.

II. As to Motley's testimony. Neglect to inform counsel of all the facts on which his advice is asked, goes not to the value but to the admissibility of the testimony. The advice that he did ask was not as to his duty, but how he could escape liability for costs. Advice given under such circumstance was no excuse. *Blunt* v. *Little*, 3 Mason, 102. *Hewlett* v. *Cruchley*, 5 Taunt. 277. *Stone* v. *Swift*, 4 Pick. 389. *Stevens* v. *Fassett*, 27 Maine, 266.

No material fact must be withheld. *Wills* v. *Noyes*, 12 Pick. 324, 327. *Wilder* v. *Holden*, 24 Pick. 8. *Com.* v. *Bradford*, 9 Met. 268.

III. The whole record of the original action shows want of probable cause in bringing it. The previous decisions in this case, 64 Maine, 518, is not decisive because the complete record of the previous case was not before the court. It now appears that the tender of $17 was made before the commencement of the action ; that the pleadings show but $17 was due; that the only question tried by the presiding justice was the validity of the tender; that he found it valid ; that the only valid judgment was that in favor of Soule for his costs ; that the judgment for the plaintiff for $17 was erroneous; and that the result, but for this error was unfavorable to the present defendant. Can the law court now say the record shows a right to sue, and probable cause for bringing an action

for at least $17 ? On the contrary, it shows but $17 was due, and the bringing of the action for a larger sum was *prima facie* evidence of malice; because malice may be inferred from want of probable cause. 4 Phil. on Ev. 257. *Munns* v. *Dupont*, 1 Am. Leading Cases, 200, 209. *Wheeler* v. *Nesbitt*, 24 Howard, 544, 551. The instruction that the plaintiff in the original action had a perfect right to bring it, was clearly wrong. The tender was a complete bar to the action. *Slingerland* v. *Morse*, 8 Johns. 474.

IV. The presiding justice erred in his instructions in reference to Joy's age. After the evidence tending to show that Joy was of age and that Winslow knew it, and the request for the instruction that "the allowing one's name to be used in an action in such a case as next friend, was want of probable cause, that the assuming of a representative capacity not warranted by the facts of the case was an abuse of legal process," the presiding justice should have squarely given or squarely refused it. By the instruction given, that "even if Joy was of age, it does not follow that Winslow did not have reasonable and probable grounds for bring' ing the original suit," the jury were not informed of the difference between knowledge and ignorance on Winslow's part.

*W. H. Motley & H. M. Sylvester*, for the defendant.

APPLETON, C. J. This is an action on the case for malicious prosecution. The facts as now presented do not materially differ from those as stated when this case was before us in 64 Maine, 518.

I. The testimony of one Porter is objected to, but upon perusal it is rather adverse than favorable to the party by whom it was offered, and of that the plaintiff cannot reasonably complain. It is, however, of so little importance that it is difficult to perceive why the defendant should offer it or, when received, why the plaintiff should object to its reception. To sustain an exception, it must affirmatively appear that the party excepting was aggrieved thereby.

II. It seems that one Harrison Joy claiming to be a minor had a demand against the plaintiff for work and labor. W. H. Motley testified that he "stated to Winslow when he came to his office, that the boy (Joy) was a minor and could not bring the action in

his own name, but would be obliged to bring it in the name of another, a next friend, and asked him if he would allow his name to be used as next friend. Winslow asked whether it would subject him to any trouble or cost to allow his name to be used. The witness stated it would not, and it was the only way that minors could collect their claims legally. Winslow said, "very well, I don't want to get into any trouble about this; you can use my name."

It is objected that this evidence is inadmissible; but we think otherwise. It shows the circumstances under which the defendant allowed his name to be used as next friend, and completely negatives any malicious intent on his part at that time. If the suit was erroneously commenced it was not his fault.

It is argued that here was a concealment of facts on the part of the defendant. But it does not appear that he had any knowledge about the matter, but what he received from Joy's counsel, and concealment of any fact on the part of counsel would not tend to prove malice on the part of the defendant.

III. It is argued that the judgment against Soule for seventeen dollars was erroneous. If it was so, it neither indicates nor tends to indicate malice on the part of the defendant. He is not to be held responsible for an error of the court, which escaped the keen eye of the vigilant counsel for the plaintiff.

As in .the suit claimed to be malicious, judgment was rendered for seventeen dollars, and no exceptions were taken to that adjudication and the judgment is in full force and not reversed, the plaintiff cannot complain of a ruling which affirms the validity of such judgment.

IV. There is no evidence showing that the defendant was aware that a tender had been made. He was not informed of that fact by Mr. Motley; and if he had been, the party tendering had a right to contest its sufficiency, without being liable to a suit for malicious prosecution. Indeed, suits of that character would be almost infinite in number if an action for malicious prosecution could be maintained every time a plaintiff recovered less than he sued for.

V. It seems there was at the last trial evidence tending to show that Joy was not a minor when the suit against Soule was commenced.

The plaintiff's counsel requested the court to instruct the jury that the defendant's allowing his name to be used in an action as next friend of an alleged minor, when he knew such person not to be a minor, would be want of probable cause. This instruction the court refused to give.

The writ contains no count alleging that the plaintiff allowed his name to be used as next friend for one whom he knew not to be a minor. There is no evidence whatever to show the defendant had any knowledge of such supposed fact, but the reverse, for he swears Joy was a minor. A court is not bound to give instructions upon a non-existent state of facts, or upon facts not proved in the case as existing.

The refusal of the court to give the instruction was correct.

VI. If the suit is to be regarded as brought in the defendant's name through the mistake of counsel, assuredly the defendant cannot be held liable in a suit for malicious prosecution, when such suit is so brought contrary to his expectations, and without his authority or knowledge.                    *Exceptions overruled.*

WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.